LESLIE J. HUGHES (*pro hac vice*)
HughesLJ@sec.gov
ZACHARY T. CARLYLE (*pro hac vice*)
CarlyleZ@sec.gov
SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, Suite 1700
Denver, Colorado 80294-1961
Telephone:  (303) 844-1000
Facsimile:   (303) 297-3529

Local Counsel:
AMY JANE LONGO (Cal. Bar No. 198304)
longoa@sec.gov
SECURITIES AND EXCHANGE COMMISSION
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone:  (323) 965-3998
Facsimile:   (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ANDREW L. FASSARI,<br><br>　　　　　Defendant. | Case No. 8:21-cv-00403 JVS (ADSx)<br><br>**JOINT RULE 26(f) REPORT** |

　　　　Plaintiff, SECURITIES AND EXCHANGE COMMISSION ("SEC"), by and through its counsel, Leslie J. Hughes, Zachary T. Carlyle, and local counsel Amy Jane Longo, and Defendant ANDREW L. FASSARI ("Fassari"), by and through his counsel, David W. Wiechert and Jessica C. Munk, submit this joint report under Fed. R. Civ. P. 26(f):

A.  **Synopsis of Case:**

The SEC alleges that between December 9 and 21, 2021, using the name or handle OCMillionaire, Fassari posted on Twitter and Investors Hub false and misleading statements about the business operations of Arcis Resources Corporation (which trades under the symbol "ARCS"), investment in ARCS by a hedge fund, Fassari's conversation with the CEO of ARCS, and Fassari's trading in the securities of ARCS. While making these false and misleading statements, Fassari bought over 41 million shares of ARCS on December 9, 2020, which he sold over the next few days for a profit of approximately $929,693.  The SEC alleges that Fassari made the false statements either with scienter or negligently, and that his conduct violates the anti-fraud provisions of the federal securities laws in 15 U.S.C. §§ 77q(a), 78j(b), and 17 C.F.R. § 240.10b-5.

The SEC seeks an order findings that Fassari violated these anti-fraud provisions; entry of a permanent injunction prohibiting Fassari from future violations of these anti-fraud provisions; directing Fassari to disgorge his ill-gotten gains and to pay prejudgment interest on those amounts; requiring Fassari to pay civil penalties under 15 U.S.C. §§ 77t(d) and 78u(d)(3); and barring Fassari from participating in the offer or sale of penny stocks.

In his Answer, Fassari admits the court's jurisdiction.  He also admits that he made the various statements on Twitter and Investors Hub, and that he bought and sold over 41 million shares of ARCS for a profit of $929,693.  He denies that he made false social media postings related to ARCS.  He asserts four affirmative defenses: 1) failure to state a claim; 2) statute of limitations; 3) laches; and 4) a limitation of disgorgement under Liu v. SEC, 140 S. Ct. 1936 (2020).

B.  **Legal Issues:**

1. Did Fassari violate the anti-fraud provisions of 15 U.S.C. §§ 77q(a), 78j(b), and 17 C.F.R. § 240.10b-5?
2. If Fassari violated these provisions, is entry of a permanent injunction against future violations appropriate?
3. If Fassari violated these provisions, what is the appropriate amount of disgorgement, taking into consideration the decision in Liu v. SEC, 140 S. Ct. 1936 (2020) and prejudgment interest?

4. If Fassari violated these provisions, what is the appropriate amount of civil penalties to be entered under 15 U.S.C. §§ 77t(d) and 78u(d)(3)?
5. Is entry of a penny stock bar appropriate?
6. Is there any applicable statute of limitations that bars this case? The SEC requested that Fassari withdraw this defense and he agrees it is withdrawn.
7. Does laches preclude the SEC's request for relief? The SEC requested that Fassari withdraw this defense and he agrees it is withdrawn.

C. Damages:

The SEC is seeking disgorgement of Mr. Fassari's ill-gotten gains in connection with his purchase and sale of ARCS securities. His cost to acquire over 41 million shares of ARCS securities on December 9, 2020 was approximately $90,095. He sold those shares for approximately $1,019,788 between December 10 and 16, 2020, resulting in net profits of approximately $929,693. These calculations are based on Mr. Fassari's E*Trade brokerage records, which the SEC produced to Mr. Fassari. The SEC is also seeking civil penalties of $929,693 under the provisions of Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 77t(d), 78u(d)(3), which amount is equal to Mr. Fassari's gross pecuniary gain.

Mr. Fassari disputes both the amount of disgorgement and civil penalties. He contends that the disgorgement amount should be reduced by his losses of approximately $436,312 from the purchase and sale of over 35 million shares of ARCS securities on December 17 and 18, 2020.

D. Insurance:

None.

E. Motions:
  (i)   Add other parties or claims:   August 18, 2021
  (ii)  File amended pleadings:         August 18, 2021
  (iii) Transfer venue:                 August 18, 2021

F. Discovery and Experts:

The parties do not propose any changes to the disclosures to be made under Rule 26(a). The subjects on which discovery may be needed are whether ARCS was engaged

in any business operations, expended $30 million on facilities to cultivate and process cannabis, engaged in merger negotiations, or received investments from hedge funds; and the identity of investors who purchased or sold ARCS securities during December 2020 based on information posted by Fassari.

The parties agree that discovery should be conducted in phases. The parties propose that factual discovery should be concluded and motions for summary judgment filed. If the matter is not resolved through summary judgment, then the parties propose a second stage of discovery to retain expert witnesses, exchange reports, and conduct depositions of the expert witnesses.

The SEC took the deposition of Fassari, and issued subpoenas to third parties. The SEC sent 3 interrogatories to Fassari, and two requests for production of documents.

Fassari sent one request for production of documents to the SEC.

The parties do not propose any changes to the applicable limitations on discovery. The SEC proposes to take 10 depositions. Mr. Fassari proposes to take 2 to 3 depositions.

The parties propose the dates for expert witness disclosure should be: February 4, 2022 for Opening Expert Witness Disclosure, March 4, 2022 for Rebuttal Expert Disclosure; and June 6, 2022 for Expert Discovery cut-off.

G.  Dispositive Motions:

The SEC's Claims 1 and 2 alleging that Fassari violated the anti-fraud provisions of 15 U.S.C. §§ 77q(a), 78j(b), and 17 C.F.R. § 240.10b-5, and its request for injunctive relief, disgorgement, and civil penalties can be resolved by summary judgment.

Fassari's affirmative defenses of statute of limitations and laches may be resolved either by the Defendant withdrawing the defenses or by a motion to strike.

Fassari will file a cross motion for summary judgment on the SEC's Claims.

H.  Settlement and Settlement mechanism

The parties have discussed settlement and have not been able to reach an agreement to resolve the case.

The parties agree to ADR Procedure No. 2 in Local Rule 16-15.4, and agree to appear before a neutral person selected from the Court's Mediation Panel for such settlement proceedings.

I. Trial Estimate

The SEC estimates the time for trial will be 6 to 8 days and will be a jury trial. The SEC estimates that it may call 16 witnesses. Fassari estimates he may call 8 witnesses.

J. Time Table – See Attached Exhibit A

K. Other Issues – None.

L. Conflicts – There are not corporate parties

Dated June 1, 2021.         Respectfully submitted:

SECURITIES AND EXCHANGE COMMISSION

By:    /s/ Leslie J. Hughes
       Leslie J. Hughes
       Zachary T. Carlyle
       Amy Jane Longo
       Attorneys for Plaintiff

WIECHERT, MUNK & GOLDSTEIN, PC

By:    /s/ Jessica C. Munk
       David W. Wiechert
       Jessica C. Munk
       William J. Migler
       Attorneys for Defendant Andrew L. Fassari

# CERTIFICATE OF SERVICE

I, Gary Rogers, an employee of the Securities and Exchange Commission, located at 1961 Stout Street Suite 1700, Denver, Colorado 80294-1961, declare under penalty and perjury that I am over the age of eighteen (18) and not a party to the above-entitled proceeding.

On June 1, 2021, I served the forgoing documents, described as JOINT RULE 26(f) REPORT on all interested parties as follows:

[X]  **BY E-MAIL:** I caused a copy to be transmitted electronically by filing the foregoing with the clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

[ ]  **BY PERSONAL SERVICE:** I personally delivered the document listed above to the persons at the address set forth below.

[X]  **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 1, 2021, at Denver, Colorado.

/s/*Gary Rogers*
Gary Rogers