UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00403JVS(ADSx) | Date | August 31, 2022 |
| Title | Securities and Exchanges Commission v. Andrew Fassari | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion for Penny Stock Bar**

Plaintiff Securities and Exchanges Commission ("SEC") moves to impose a permanent penny stock bar on Defendant Andrew Fassari ("Fassari"). See Motion for Entry of Penny Stock Bar, Dkt. No. 77 ("Mtn."). Fassari opposed this motion. See Opposition to Motion for Entry of Penny Stock Bar, Dkt. No. 78 ("Opp'n."). The SEC replied. See Reply in Support of Motion for Entry of Penny Stock Bar, Dkt. No. 79 ("Reply").

For the following reasons, the Court **GRANTS** the motion in part for a penny stock bar, and orders a temporary bar for the term of five years from August 25, 2021, the date of the judgment.

### I. BACKGROUND

On March 2, 2021, the SEC filed a civil suit alleging that Fassari had engaged in fraudulent activity related to his purchase and sale of and communications regarding ARCS securities. See Complaint, Dkt. No. 1 ("Compl."). The SEC later amended its complaint. See First Amended Complaint, Dkt. No. 69 ("FAC"). On June 30, 2021, Fassari consented to entry of a permanent injunction and, in doing so, agreed that the allegations of the Complaint would be accepted as and deemed true for purposes of the present motion. See Consent, Dkt. No. 70 at 3.

In its complaint, the SEC alleged that Fassari used his Twitter account to post false and misleading information to induce his followers to purchase the securities of ARCS, a penny stock quoted on the OTC Link. See FAC. Following his purchase of 41,071,413

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00403JVS(ADSx) | Date | August 31, 2022 |
| Title | Securities and Exchanges Commission v. Andrew Fassari | | |

shares of ARCS on December 9, 2020, Fassari posted approximately 120 tweets about ARCS, many of which contained false and misleading information. Id. at ¶¶ 30-57. Through posting these tweets, Fassari intended to induce investors to purchase ARCS securities. Mtn. at 2. He succeeded in doing so, as evidenced by the volume of trades increasing from 78.51 million to 478.92 million ARCS shares traded between when Fassari began tweeting about ARCS. FAC at ¶ 36. Fassari sold all his ARCS stock between December 10 and 16, 2020.

On August 25, 2021, the Court entered a judgment against Fassari based on his Consent that permanently enjoined Fassari from violating the anti-fraud provisions of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 (15 U.S.C. §§ 77q(a), 78j(b), and 17 C.F.R. § 240.10b-5) and ordered him to pay disgorgement of $457,110, prejudgment interest of $8,007, and a civil penalty of $195,047. Judgment, Dkt No. 71 at 1-3. The judgment also provided that, upon a motion of the SEC, which the SEC now files, the Court shall impose a penny stock bar against Fassari with the terms of the penny stock bar to be determined upon the motion. Id. at 6-7.

The SEC now moves to impose a penny stock bar and specifically requests that the Court impose a permanent penny stock bar.

## II. LEGAL STANDARD

A court is authorized to bar an individual from trading in "penny stock," an equity security with a price of less than $5.00, when it is shown that the person was participating in an offering of penny stock at the time of the alleged misconduct. See 15 U.S.C. § 78u(d)(6)(A); 15 U.S.C. § 77t(g). The Court may consider a conditional, unconditional, temporary, or permanent bar considering the facts and circumstances of the case. Id. In determining whether and what type of bar to impose, the Court considers six factors: "(1) the 'egregiousness' of the underlying securities law violation; (2) the defendant's 'repeat offender' status; (3) the defendant's 'role' or position when he engaged in the fraud; (4) the defendant's degree of scienter; (5) the defendant's economic stake in the violation; and (6) the likelihood that misconduct will recur." S.E.C. v. First Pac. Bancorp, 142 F.3d 1186, 1193 (9th Cir. 1998) (quoting S.E.C. v. Patel, 61 F.3d 137, 141 (2d. Cir. 1995)).

## III. DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-00403JVS(ADSx)   Date  August 31, 2022

Title  Securities and Exchanges Commission v. Andrew Fassari

       *1.     Egregiousness of the Underlying Securities Law Violation*

     The SEC argues that Fassari's actions that gave rise to this case are sufficiently egregious to permanently ban him from trading penny stocks. The SEC cites Fassari's false and misleading statements about ARCS for which he had no reasonable basis to know the information he was conveying. See Mtn. at 6-7. Fassari contends that, although he admits to these allegations for purposes of this motion, his actions do not rise to the level warranting a permanent penny stock bar. See Opp'n.

     While intentionally making false and misleading statements about ARCS stock is reprehensible, the SEC did not show why a permanent bar is necessary. See SEC v. Patel, 61 F.3d 137, 142 (2d Cir. 1995)("[B]efore imposing a permanent bar, the court should consider whether a conditional bar (e.g., a bar limited to a particular industry) and/or a bar limited in time (e.g., a bar of five years) might be sufficient, especially where there is no prior history of unfitness."). Although Fassari's actions warrant some type of penny stock bar, comparison to other cases indicates that a permanent bar is not necessary. See, e.g., SEC v. Forum National Investments, 2016 WL 6875953 (C.D. Cal. Nov. 18, 2016) (imposing a ten-year ban for a "scalping" scheme that took place over a six-month period); SEC v. Husain, 2021 WL 1146381 (C.D. Cal. Mar. 25, 2021) (imposing a seven-year ban for a scheme which grossed $1,787,000 and included the use of at least eight shell companies); SEC v. Sripetech, 2020 WL 6396927 (S.D. Cal. Nov. 2, 2020) (imposing a seven-year ban when defendants worked as a network to manipulate the stock of at least 20 companies).

     Further, although courts have found a permanent penny stock bar appropriate in some cases, the circumstances warranting such a penalty are not present here. For example, in SEC v. Jammin Java, Corp., the court imposed a permanent bar where the defendant generated $77.6 million in profits by selling fraudulently-inflated stocks over the course of 17 months and did not admit fault or recognize the wrongful nature of his conduct. 2017 WL 4286180 at *1-2 (C.D. Cal. Sept. 14, 2017). Similarly, in SEC v. Curative Biosciences, Inc., the court imposed a permanent bar where the two defendants engaged in two fraudulent securities schemes, created multiple fraudulent invoices, and used shell companies in order to conceal the fraud over the course of three years. 2020 WL 7345681 at *4-5 (C.D. Cal. Oct. 22, 2020). Here, Fassari's "scalping" scheme lasted nine days, involved the stock of one company, and resulted in a profit of $457,110.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00403JVS(ADSx) | Date | August 31, 2022 |
| Title | Securities and Exchanges Commission v. Andrew Fassari | | |

Therefore, the egregiousness of the underlying securities violations weighs in favor of a temporary, not permanent, penny stock bar.

    2.    *Fassari's "Repeat Offender Status"*

Both the SEC and Fassari agree that this is Fassari's first offense. See Mtn. at 8, Opp'n at 7. This factor therefore weighs against imposing a penny stock bar.

    3.    *Fassari's Role in the Fraud*

Fassari's role as the architect of the fraud weighs in favor of imposing a penny stock bar. Fassari held himself out on Twitter as a "Master short squeeze artist. Compl. at ¶ 6. Using his platform on Twitter, Fassari created and posted each tweet that he posted about ARCS that contained false or misleading information in order to influence his followers to purchase ARCS stock. Id. ¶ 40. He purchased and sold over 41 million ARCS shares while knowingly touted false information about the company to drive up the price of the stock. Id. ¶¶ 8, 30-32.

While Fassari "fully admits to his role in sending false and misleading tweets related to ARCS," Fassari attempts to downplay his liability by drawing attention to other actors who are not involved in the current litigation who created a fake ARCS website and twitter and email accounts touting the company's growth. Opp'n. at 7-8. However, these facts do not pertain to Fassari's own degree of involvement in the scheme at issue. As the SEC notes, "actions by unknown persons do not diminish Fassari's sole responsibility for buying a huge block of stock, recommending it to his followers on Twitter through numerous false statements, and then selling into the increased prices for his personal benefit while telling his followers that he was holding his stock." Reply at 5.

    4.    *Fassari's Degree of Scienter*

Both the SEC and Fassari agree that Fassari acted with scienter when he knowingly transmitted false or misleading information to his Twitter followers for the purpose of inducing them to buy ARCS stock. While this factor is not dispositive, as noted by Fassari, see Opp'n. at 9, this factor is generally given "great weight" when deciding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-00403JVS(ADSx) | Date | August 31, 2022 |
|---|---|---|---|
| Title | Securities and Exchanges Commission v. Andrew Fassari | | |

whether a penny stock bar is appropriate. See SEC v. Alliance Transcription Services, Inc., 2009 WL 5128556 at *10 (D. Ariz., Dec. 18, 2009).

     5.    *Fassari's Economic Stake in the Violation*

Fassari's economic stake in the violation similarly weighs in favor of imposing a penny stock bar. Fassari bought over 41 million shares of ARCS for $90,095, an investment which accounted for over 91% of the total value of his E*Trade account. See Compl., Dkt. No. 69, Mtn., Dkt. No. 77 at 9. He then sold these shares for a net profit of $457,110. Judgment, Dkt. No. 71 at p.3. Although this factor weighs in favor of imposing some penny stock ban, it does not support a necessity of a permanent bar. See, e.g., Jammin Java, 2017 WL 4286180 at *4-6 (imposing a permanent ban when the economic stake in the violation was $77.6 million).

     6.    *The Likelihood that Misconduct will Recur*

The final factor does not weigh in favor of imposing a permanent penny stock bar. "The likelihood of future violations depends on the totality of the circumstances, and the existence of past violations may give rise to an inference that there will be violations in the future." SEC v. Muehler, 2018 WL 1665637 at *8 (C.D. Cal., Apr. 4, 2018) (citing SEC v. Murphy, 626 F.2d 633, 655 (9th Cir. 1980)).

The SEC contends that there is a "strong likelihood that Fassari will repeat his misconduct" because Fassari has a "consistent pattern of purchasing the securities of companies, tweeting information to encourage his followers to buy the securities, and then selling the securities that he had recommended." Mtn. at 10. The SEC further argues that, because trading securities is how Fassari primarily earns money, he will have "the opportunity many times over the coming years to engage in the same type of fraudulent conduct in the future." Id. at 10, Reply at 8. In response, Fassari points out that the SEC has not presented evidence that his other securities trades or use of social media contained elements of fraud or untrue statements, nor that any investors relating to these transactions objected to them. Opp'n. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00403JVS(ADSx) | Date | August 31, 2022 |
| Title | Securities and Exchanges Commission v. Andrew Fassari | | |

Merely having an opportunity to engage in fraudulent conduct in the future does not show that Fassari is likely to engage in such conduct. See SEC v. Patel, 61 F.3d 137, 141-52 (2d Cir. 1995) (noting that "a general statement of events ... can in no way justify the prediction that future misconduct will occur"). The SEC has not shown that Fassari has committed any other violations in the past, has indicated an unwillingness to comply with the terms of the Consent Agreement, or that he has ignored any of the Court's orders thus far. Cf. Muehler, 2018 WL 1665637 at *9 (finding a likelihood of repetition when the defendant, a three-time recidivist, continued to violate securities laws, "ignored the prohibitions from the SEC and state-issued cease-and-desist orders, and misinformed customers and investors regarding the effect of these orders"). Without a showing that Fassari has previously violated securities laws, that his other securities transactions were illegal or fraudulent, or an unwillingness to comply with the SEC's prohibitions, there is not sufficient evidence to warrant a permanent penny stock bar.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion in part and bars Fassari from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock for the term of five years from August 25, 2021, the date of the judgment in this case. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**